NOT FOR PUBLICATION

FILED

MAR 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JUDITH ANN MAROVICH, | ) | No. 14-15477 |
| | ) | |
| Plaintiff - Appellant, | ) | D.C. No. 4:12-cv-06366-KAW |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted March 14, 2016**
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Judith Marovich appeals the district court's judgment, which affirmed the

Commissioner of Social Security's denial of disability insurance benefits. We

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

affirm.

(1)     Marovich asserts that the Administrative Law Judge (ALJ) erred when he did not give specific and legitimate reasons for failing to consider the opinions of Dr. Morgenthaler and Dr. Larsen.  Before the district court, Marovich did not question the ALJ's failure to expressly consider Dr. Morgenthaler's opinion.  Thus, the argument is waived as to him.  *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *see also Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).  As to Dr. Larsen, the ALJ did not, in fact, reject his opinion regarding Marovich's medical and mental condition.  On the contrary, he accepted that opinion.  However, the ALJ did not, and was not required to, accept Dr. Larsen's ultimate determination that Marovich was disabled (lacked the ability to work) for purposes of awarding Social Security disability insurance benefits.  *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011); *Sample v. Schweiker*, 694 F.2d 639, 642–43 (9th Cir. 1982).  The ALJ did not err in that respect.[1]

---

[1]We note that Marovich complains that the ALJ considered and accepted the conclusions of two nonexamining physicians—Dr. Norbeck and Dr. Lucila.  The ALJ did indicate that he had considered the medical opinion evidence.  *See* 20 C.F.R. § 404.1527(b).  However, he did not specifically refer to those doctors' opinions.

(2)    Marovich also asserts that the ALJ erred at step 2[2] when he decided that her mental impairment (at least from depression) was not severe. However, the ALJ did specifically consider that impairment[3] and determined that, based on the evidence before him, any impairment was too mild to be considered severe. Moreover, the ALJ did determine that other impairments were severe and, therefore, he did not dispose of her benefit claim as groundless,[4] but moved on to the further steps at which he was required to consider all impairments—severe or not.[5] Those other impairments were of a physical nature; however, it should be noted that her mental problem, beyond depression, was a somatoform disorder, which manifests itself in physical symptoms. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.07. We are unable to say that the ALJ erred at this step of the process. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

(3)    Marovich finally asserts that the ALJ erred when he determined her Residual Functional Capacity (RFC) for purposes of steps 4 and 5. *See* 20 C.F.R. §

---

[2] *See* 20 C.F.R. § 404.1520(a)(4)(ii); *see also Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999); *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

[3] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(B), (C). Dr. Larsen also mentioned a "dysthymic" disorder, but (as relevant here) that is an affective disorder that manifests itself as depression. *See id.* § 12.04.

[4] *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

[5] *See* 20 C.F.R. § 404.1545(a)(2), (e).

404.1520(a)(4)(iv), (v). She does not claim that the ALJ failed to consider her physical impairments. She focuses on mental impairments. However, as the ALJ determined at step 2, those that are encompassed by the depression category were so mild as to be minimal at best, and even she and the doctors failed to point to anything that would actually affect her ability to work. As previously noted, her somatoform disorder manifests itself in physical limitations and symptoms which were fully considered. In fact, the ALJ specifically noted her somatic disorder and its connection to depression. It would have been preferable for the ALJ to refer to those disorders in more detail when he was determining her RFC, but in light of his prior determinations, the medical opinions, her description of her own activities, and what he did say, that failure to be more specific was, at most, harmless error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

AFFIRMED.